The opinion of the Court was delivered by
Poci-ié, J.
In his account of administration, the administrator ignored the vendor’s privilege securing the notes held by Léche and Bouny, on tlie ground that the contract creating the privilege was not recorded on the day that it was entered into, and he has taken this appeal from a judgment enforcing the privilege claimed by said creditors, who had opposed his account.
Tlie record shows that no other mortgage existed or was claimed against the property burdened with the mortgage, and vendor’s privilege held by opponents Lécbe and Bouny, and lienee tlie administrator erroneously construes Article 3274 of tlie Civil Code, which reads as follow's:
“No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no jireference on the creditor, who holds it, over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day that the contract was entered into.”
Tlie article provides two distinct remedies. In the first part, it destroys tlie effect of privileges as to third persons, if they have not been recorded in the manner required by law.
*1132 In the second part, it provides that even when recorded, privileges can confer no preference over creditors who hare acquired a mortgage, unless the registry was made on the day that the contract was entered into.
. The article most be construed with reference to the preceding Article, (3273) which provides that .privileges are valid against third persons, from the date of the recording of the act, or other evidence of indebtedness, as provided by law.
lienee, it follows, that in a contest between the holder of a privilege and other persons w’ho have not acquired a mortgage, whether they be themselves privilege creditors or not, the privilege will affect such third persons from the date of its registry, whether it was recorded on the day that the contract was entered into or not. But as to creditors who have acquired a mortgage, and to them alone, it is sacramental, that the privilege should have been recorded on the very day that the contract was entered into.
The failure to record the privilege on the day that it -was created, does not destroy it as to third persons, but it destroys the preference contemplated by law, over other creditors who have acquired a mortgage. Gay vs. Bovard, 27 An. 290. Appellant confidently relies in support of his position on the decision in the case of the Succession of Marc, 29 An. 412; but we find no relief for him in that opinion.
In that case the contest was between Gay arre and Soye, both mortgage creditors ; and it was held that Gayarre’s privilege resulting from an act of sale, which had not been recorded oh the day that it, had been passed, could confer no preference to him over Soye, who held a mortgage of anterior date, and of anterior registry, and it was correctly held, that “ as against mortgages recorded anterior to the registry of the privilege, this latter has effect as such only when recorded on the day of the date of the contract creating it.”
In the present case there is no contest between the holder of the. privilege and a mortgage creditor ; and the District Judge has correctly-held that opponents’ vendor’s privilege must take rank and have effect as such from the date of its registry. Appellees have filed a motion for an amendment of the judgment in some minor particulars, but as they are silent on the subject in their brief, we consider the motion as abandoned, especially as we see no error in the judgment of the District Court.
Judgment affirmed.